United States District Court
Southern District of Texas

**ENTERED**

April 15, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


UNITED STATES OF AMERICA            §
                                    §
v.                                  §       CRIMINAL NUMBER H-05-478-02
                                    §
CARLOS GALLEGOS                     §


<u>**MEMORANDUM OPINION AND ORDER**</u>


Carlos Gallegos has filed Petitioner's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) Otherwise Known as Compassionate Release ("Defendant's Motion") (Docket Entry No. 285). He argues that his sentence was longer than the sentences of his co-defendants and longer than the national average sentence for the same offense, which is an "extraordinary and compelling reason" to justify a sentence reduction. The government has filed the United States' Response to Defendant's Motion for Compassionate Release ("Government's Response") (Docket Entry No. 291). Having carefully considered Defendant's Motion, the Government's Response, and the applicable law, the court concludes that Defendant's Motion should be denied.

A district court is authorized to reduce or modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L.

115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," if the court finds that "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The government does not contend that Gallegos has failed to exhaust his administrative remedies.[1]

A reduction under § 3582(c)(1)(A) must comply with the applicable policy statement issued by the United States Sentencing Commission. Section 1B1.13 of the Sentencing Guidelines authorizes early release for specified extraordinary and compelling reasons. See U.S.S.G. § 1B1.13(b)(1)-(6) (U.S. Sentencing Commission 2023). Gallegos' argument is based on § 3553(a)(6), which states that in determining a sentence the court "shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

If the court finds that extraordinary and compelling reasons warrant a sentence reduction, U.S.S.G. § 1B1.13(a)(2) authorizes a reduction if the court also finds that the defendant "is not a

_____

[1]Government's Response, Docket Entry No. 291, p. 5.

danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); . . ." Decisions about whether to grant or deny a request for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the court's consideration of the applicable policy statement and other factors found in 18 U.S.C. § 3553(a). <u>See United States v. Chambliss,</u> 948 F.3d 691, 693 (5th Cir. 2020).

On January 12, 2007, the court sentenced Gallegos to the low end of the guideline range, 324 months in prison, to run consecutively with his 24-month sentence in Case No. 4:05-cr-266-02 (aiding and abetting the harboring of aliens). The court also sentenced Gallegos to 5 years of supervised release. <u>Id.</u> Gallegos is currently serving his sentence at Yazoo City Medium FCI in Yazoo City, Mississippi.

Gallegos' advisory guideline range was life in prison based on his offense level of 43 and his criminal history category of II.[2] At his sentencing hearing the court reduced his offense level by three points for acceptance of responsibility, which resulted in an advisory guideline range of 324 to 405 months,[3] and sentenced him to 324 months in prison.[4] The court stated that his sentence of 324 months satisfied the purposes and objectives of 18 U.S.C.

---

[2]Presentence Investigation Report ("PSR"), Docket Entry No. 163, p. 16 ¶ 86.

[3]Statement of Reasons, Docket Entry No. 200, p. 1 ¶ III.

[4]Judgment in a Criminal Case, Docket Entry No. 201, p. 2.

-3-

§ 3553(a), and the Fifth Circuit affirmed the defendant's sentence.[5]

Gallegos' sole argument is that there is a disparity in his sentence when compared with the sentences of his co-conspirators and with the national average sentence for kidnapping.

Gallegos' co-conspirators received the following sentences:

(1)   192 months (U.S.A. v. Manuel Cano, Jr.; Case No. 4:05-cr-478-01; Judgment in a Criminal Case, Docket Entry No. 220, p. 2)

(2)   180 months (U.S.A. v. Luis Miguel Gutierrez-Sanchez; Case No. 4:05-cr-478-04; Judgment in a Criminal Case, Docket Entry No. 218, p. 2)

(3)   121 months (U.S.A. v. Carlos David Morfin; Case No. 4:05-cr-478-05; Judgment in a Criminal Case, Docket Entry No. 240, p. 2)

The national mean (or average) of sentences imposed for kidnapping is 184 months as of Fiscal Year 2022 (FY 2022 Annual Report and Sourcebook of Federal Sentencing Statistics, Table 15, page 64 (available at PDF, page 70); https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2022/2022-Annual-Report-and-Sourcebook.pdf).

Although the sentences of Gallegos' co-conspirators and the national mean are less than the sentence he received, the sentencing guidelines take into account a defendant's criminal history and his specific conduct during the charged offense. The more serious a defendant's criminal history and his conduct during the offense, the longer the sentencing guideline range. Gallegos

---

[5]Fifth Circuit Opinion, Docket Entry No. 251, p. 3.

was a manager or supervisor of the kidnapping, which involved the beating of the victim, he provided weapons to his co-conspirators, demanded a ransom, and violated the terms of his pretrial release on a similar offense when he committed the offense of conviction.[6] There is no evidence that a similarly situated defendant received a lesser sentence; and comparing Gallegos' co-conspirators' sentences or the national mean for the same offense does not take into consideration Gallegos' individualized circumstances. Gallegos has therefore failed to show that there exists an extraordinary or compelling reason that would warrant a reduction based on the length of his sentence.

Gallegos has also failed to demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); . . ." Because of his role in the offense and his criminal history, the court concludes that he would be a danger if released before the expiration of his sentence.

Petitioner's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) Otherwise Known as Compassionate Release (Docket Entry No. 285) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of April, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6]PSR, Docket Entry No. 163, p. 10 ¶ 38.