United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-05-0478-02 |
| | § | |
| CARLOS GALLEGOS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Carlos Gallegos ("Defendant") has filed Petitioner's Motion For Reduction In Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Defendant's Second MFCR") (Docket Entry No. 307), arguing that his father's health and Defendant's age at the time of sentencing are extraordinary and compelling reasons to justify a sentence reduction.[1] The Government has filed the Government's Response to Defendant's Sentence-Reduction Motion ("Government's Response") (Docket Entry No. 309). Having carefully considered Defendant's Second MFCR, the Government's Response, and the applicable law, the court concludes that Defendant's Second MFCR should be denied.

**I. Background**

On July 26, 2006, Defendant pleaded guilty to Conspiracy to Commit Hostage Taking in violation of 18 U.S.C. § 1203(a).[2] On

---

[1]Defendant's Second MFCR, Docket Entry No. 307, pp. 5-7. All page numbers refer to the pagination printed at the top of the page by the court's Electronic Case Filing system.

[2]Presentence Investigation Report, Docket Entry No. 163, pp. 1, 3 ¶ 2.

January 12, 2007, the court sentenced him to 324 months in custody.[3]  The court also sentenced Defendant to 5 years of supervised release.[4]

On August 3, 2023, Defendant filed a request with the warden asking him to file a motion for compassionate release on his behalf based on the Sentencing Commission's study, which "determined that [Defendant's] currently imposed sentence for a violation of 18 U.S.C. § 1203, is two times the national average."[5]  The warden did not reply.  On November 6, 2023, Defendant filed his first motion for compassionate release, arguing that his sentence should be reduced because of the disparity between his sentence and the national average.[6]  The court denied his motion.[7]

On January 16, 2025, Defendant filed another request with the warden asking him to file a motion for compassionate release on his behalf based on his father's failing health.[8]  The warden did not respond.  On June 18, 2025, Defendant filed a second motion for compassionate release, which raises two grounds that he argues are

---

[3]Judgment in a Criminal Case, Docket Entry No. 201, pp. 1-2.

[4]Id. at 3.

[5]Inmate Request to Staff, Exhibit 1 to Government's Response, Docket Entry No. 309-1.

[6]Petitioner's Motion for a Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) Otherwise Known as Compassionate Release, Docket Entry No. 285, pp. 5-6.

[7]Memorandum Opinion and Order, Docket Entry No. 304, p. 5.

[8]Inmate Request to Staff, Exhibit 1 to Defendant's Second MFCR, Docket Entry No. 307-1, p. 1.

extraordinary and compelling reasons for a reduced sentence: (1) the "health and medical condition of [his] father, Juan Gallegos," pursuant to § 1B1.13(b)(3)(C) and (2) "his young age at the time he received a cumulative 29 year sentence . . . [and] his rehabilitation in prison" pursuant to § 1B1.13(b)(5).[9]

## II. Legal Standard

In United States v. Jackson, 27 F.4th 1088, 1089 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Id. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

Jackson, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). Under § 1B1.13(b) of the United States Sentencing Guidelines, "district courts may consider the following

---

[9]Defendant's Second MFCR, Docket Entry No. 307, pp. 6-7.

extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." United States v. Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

* * *

(5) any pertinent [Sentencing Commission] policy statement-

    \* \* \*

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Analysis

**A. Defendant has exhausted administrative remedies.**

The Government argues that this court cannot consider Defendant's Second MFCR because he has failed to exhaust his administrative remedies by not filing a request with the warden that discusses his father's declining health.[10]

"Congress used clear language: all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). The prisoner's request to the Bureau of Prisons must reference the same conditions that the prisoner presents to the federal court in his subsequent § 3582(c)(1)(A) motion. United States v. Gonzalez, 849 F. App'x 116, 117 (5th Cir. 2021) (holding that a prisoner did not exhaust his administrative remedies when his request to the warden "did not discuss the conditions referenced in his subsequent § 3582(c)(1)(A) motion").

---

[10]Government's Response, Docket Entry No. 309, pp. 4-5.

Although Defendant's first request with the warden did not discuss his father's health or his age,[11] his second request with the warden does.[12]  Defendant has therefore fully exhausted all administrative remedies, and this court can consider Defendant's Second MFCR.

**B.   Defendant has not established extraordinary and compelling circumstances that justify reducing his sentence.**

   1.   <u>The Health and Medical Condition of Defendant's Father</u>

"[E]xtraordinary and compelling reasons for a compassionate release exist where the defendant prisoner presents as circumstances '[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.'" <u>United States v. Lopez-Vargas,</u> Criminal Action No. H-09-534-04, 2024 WL 2114306, at *1 (S.D. Tex. May 10, 2024) (quoting U.S.S.G. § 1B1.13(b)(3)(C)).  However, simply caring for "a sick and/or aging parent is not a qualifying 'family circumstance' under [the sentencing guidelines]."  <u>United States v. Hudec,</u> Criminal No. 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020).

Since Defendant has a brother and an uncle who have written this court in support of his release,[13] Defendant has not

---

   [11]Inmate Request to Staff, Exhibit 1 to Government's Response, Docket Entry No. 309-1.

   [12]Inmate Request to Staff, Exhibit 1 to Defendant's Second MFCR, Docket Entry No. 307-1, p. 1.

   [13]Letters in Support of Defendant's Release, Exhibit 1 to Defendant's Second MFCR, Docket Entry No. 307-1, pp. 8, 10.

-6-

established that he is the only available caregiver for his father.[14] Because caring for a sick and/or aging parent is not a qualifying circumstance under the sentencing guidelines, Defendant has not established that his father's declining health is an extraordinary and compelling circumstance that justifies reducing his sentence.

### 2. The Catch-all Provision

Defendant argues that his young age at the time of sentencing, changes in the law, and his rehabilitation constitute extraordinary and compelling circumstances under § 1B1.13(b)(5).[15]

The Sentencing Guidelines include a catch-all provision that applies when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

#### a. Young Age and Changes in the Law

Defendant argues that if he committed the same offense today his sentencing would not be as harsh because Amendment 829 to the

---

[14] Defendant states that he is the only available caregiver because his siblings have their own families and work long hours. Defendant's Second MFCR, Docket Entry No. 307, pp. 6-7. However, the fact that his siblings have their own families does not establish that Defendant is the only available caregiver for his father. See Hudec, 2020 WL 4925675, at *5 (holding that the defendant did not establish he was the only caregiver for his sick parent because "he has two brothers").

[15] Defendant's Second MFCR, Docket Entry No. 307, pp. 7-12.

Sentencing Guidelines allows the court to give a lesser sentence based on the defendant's young age.[16]

However, because "'a non-retroactive change in the law is not an extraordinary or compelling reason' justifying compassionate release," United States v. Agee, Criminal No. 3:13-CR-0478-B-1, 2025 WL 2374681, at *2 (N.D. Tex. Aug. 14, 2025) (quoting United States v. Austin, 125 F.4th 688, 692 (5th Cir. 2025)) and because Amendment 829 "does not apply retroactively," Defendant's young age and the change in the law "do[] not warrant granting compassionate release." Id.; see also United States v. Matute-Carcamo, Criminal Action No. H-19-494-2, 2025 WL 1677950, at *3 (S.D. Tex. June 13, 2025).

      b. Rehabilitation

Defendant argues that his behavior in prison, including his educational achievements and work performance, warrants a sentence reduction.[17]

However, "while the Court may consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone." United States v. Perez-Barocela, Criminal No. 2:12-757-2, 2023 WL 2787979, at *1 (S.D. Tex. Apr. 4, 2023); United States v. Stine,

---

[16] Id. at 9-10.

[17] Id. at 11-12.

Criminal No. 6:03-44(S)-2, 2020 WL 7388630, at *4 (S.D. Tex. Dec. 14, 2020). Because Defendant has failed to show that he otherwise qualifies for a sentence reduction, the court is not authorized to grant compassionate release based on his behavior in prison.

### C. The § 3553(a) factors weigh against reducing Defendant's sentence.

Turning to the factors under § 3553(a), the court first considers the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). Defendant pleaded guilty to Conspiracy to Commit Hostage Taking in violation of 18 U.S.C. § 1203(a), which is a violent crime.[18] See 18 U.S.C. § 16 (defining a crime of violence). Defendant directly participated in the violent kidnapping of the victim: He was the supervisor of the other participants, provided the dangerous weapons that were used during the commission of the offense, beat the victim, and made ransom demands.[19]

Based on these serious circumstances, the court finds that the original sentence satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C). While the court appreciates Defendant's rehabilitative efforts,[20] "they are not

---

[18] Presentence Investigation Report, Docket Entry No. 163, pp. 1, 3 ¶ 2.

[19] Id. at 3 ¶ 5, 8 ¶ 30, 13.

[20] Defendant's Second MFCR, Docket Entry No. 307, pp. 11-12.

enough to outweigh the court's obligation to 'promote respect for the law,' 'provide just punishment,' and deter criminal conduct." <u>United States v. Ekene,</u> Criminal Number H-19-633-02, 2025 WL 2721383, at *5 (S.D. Tex. Sept. 24, 2025) (quoting 18 U.S.C. §§ 3553(a)(2)(A)-(B)).

Finally, the court is not persuaded that Defendant's original sentence flouts the sentencing guidelines, related policies, or sentences given to similarly situated defendants. <u>See</u> 18 U.S.C. § 3553(a)(3)-(6).

The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's motion.

## IV.  Conclusion and Order

Because Defendant has failed to establish that extraordinary and compelling circumstances exist and because the § 3553(a) factors weigh against granting Defendant's motion, Petitioner's Motion For Reduction In Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 307) is **DENIED**.

**SIGNED** at Houston, Texas, on this 22nd day of December, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE